UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES E. WILLIAMS, )<br>)<br>Petitioner ) <br>)<br>v. )<br>)<br>SUPERINTENDENT, INDIANA )<br>STATE PRISON, )<br>)<br>Respondent ) | No. 3:06cv0034 AS |

*MEMORANDUM, OPINION AND ORDER*

On or about January 12, 2006, this pro se petitioner, James E. Williams, incarcerated in the Indiana State Prison in Michigan City, Indiana, (ISP), filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on August 7, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on November 20, 2006, which this court has carefully examined.

At the outset of this process, the court examines an early opinion of the Court of Appeals of Indiana entered August 31, 1988 in *Williams v. State*, 698 N.E. 2d 848, and takes note of the majority opinion there of Judge Baker as well as the dissenting opinion of Judge Sullivan. Thereafter, there was a post-conviction proceeding in the state court which also ended up in the Court of Appeals of Indiana, which resulted in an unpublished memorandum entered August 31, 1998. For the immediate reference of all concerned, the memorandum

decision is marked as Appendix "A", attached hereto and incorporated herein. There were no concurrences or dissents, and the Supreme Court of Indiana denied transfer on December 3, 1998.

This petitioner was sentenced to an aggregate of 50 years. This court is aware from the papers that there was an appellate decision to overturn a conviction followed by a retrial and affirmation on appeal. There is an obligation to present claims to the highest court in the state as a predicate to presenting them here under authority of 28 U.S.C. §2254. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). There is also an obligation to exhaust available state remedies. *See Castille v. Peoples*, 489 U.S. 346 (1989), and *Rose v. Lundy*, 455 U.S. 509 (1982).

The principal issue brought here is alleged ineffective assistance of counsel. This court has taken the trouble to collect a recent array of cases from this circuit dealing with this subject, and would refer to *Bethel v. United States*, 458 F.3d 711 (7th Cir. 2006); *Thompson v. Battaglia*, 458 F.3d 614 (7th Cir. 2006), *Simpson v. Battaglia*, 458 F.3d 585 (7th Cir. 2006); *Hartjes v. Endicott*, 456 F.3d 786 (7th Cir. 2006), and *United States v. Birk*, 453 F.3d 893 (7th Cir. 2006). *But see also Adams v. Bertrand*, 453 F.3d 428 (7th Cir. 2006). Obviously, the basic authority that must be followed is *Strickland v. Washington*, 466 U.S. 668 (1984). In criminal cases filed in this court under an authority found in Article III of the Constitution of the United States, this court has an opportunity to see and observe the performance and functioning of defense counsel. However, in cases brought under 42 U.S.C.

§2254, this court has only the written record.

This court ordered the state record to be filed by June 12, 2006, and it appears that there was substantial compliance with that order by the Attorney General of Indiana on August 7, 2006. It goes without saying that the facts found by the Court of Appeals of Indiana in the opinion found in its most recent decision as reflected in Appendix "A" are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1). This petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. *See also* the July 13, 2005 opinion of the Court of Appeals of Indiana attached as Appendix "B."

Counsel undoubtedly in this case had some difficult judgment calls to make. It is a question about a videotape appears to have been under the rubric of prior recorded recollection. The Court of Appeals upheld that decision in what appears to be under Indiana evidence law. This court cannot determine that the admission of that evidence violated the Constitution of the United States as interpreted by the Supreme Court of the United States.

There is another problem with a witness named Wenzel and apparently there is an interplay between that and the video. To impeach Wenzel, apparently it was either necessary or highly desirable to use the aforesaid videotape. This is a judgment call which defense counsel had to make. Such was not and is not an example of ineffective assistance of counsel. There is also a possible issue with regard to the competency of Wenzel, an issue that was brought up in the post-conviction proceedings in which the Court of Appeals of

3

Indiana determined that counsel was indeed effective under the Sixth Amendment. This court is not bound by that decision, but certainly respects it.

The style of the petitioner's presentation in his brief filed November 20, 2006 is satisfying and indeed impressive. However, it must be said in candor that notwithstanding the quality referred to, there is a wide array of issues that were simply not raised or are without merit. As impressive as that document is, it basically attempts to go from the very beginning and argue the case in toto, and that is not the way in which these cases are handled in United States district courts. The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

When those federal issues are separated out and focused on properly, there is no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** November 29, 2006

                                                          S/ ALLEN SHARP
                                                          **ALLEN SHARP, JUDGE**
                                                          **UNITED STATES DISTRICT COURT**